**COMMISSIONER OF INTERNAL REV-
ENUE, Petitioner,**

v.

**John WRATHER and Nell Wrather,
Husband and Wife, Respondents.**

**No. 16055.**

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1957.

Melva M. Graney, John N. Stull, Hilbert P. Zarky, Attys., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Washington, D. C., John Potts Barnes, Chief Counsel, Claude R. Marshall, Sp. Atty., I.R.S., Washington, D. C., for petitioner.

Allen E. Pye, Tyler, Tex., for appellee. Ramey, Calhoun, Brelsford & Hull, Tyler, Tex., of counsel.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from an unreported decision of the Tax Court on stipulated facts,[1] and findings by the Tax Court in favor of respondents, presents the single question whether the Tax Court erred in holding that taxpayer John Wrather's share of the proceeds received

---

1. Briefly and adequately stated, they are: In 1948 the George & Wrather Drilling Company, a partnership, of which the taxpayer, John Wrather, was a member, sold and conveyed to the Indiana Farm Bureau Cooperative Association, Inc. (herein called COOP) three oil payments carved out of their interests in two oil and gas leases which had been held by the partnership for more than six months. One was for $130,000, payable out of 9/10 of 7/24 of 7/8 of all of the oil produced and saved from the Brown Lease; the others were for $155,000 and $12,500, respectively, payable out of 9/10 of 5/16 of 7/8 of all of the oil produced and saved from the Kieffer "A" Lease.

As consideration for these assignments, COOP paid the partnership $287,500 cash which was treated by the partners on their tax returns as gain from the sale of capital assets. The oil payment out of the Brown Lease paid out in a period of 4 years and the oil payments out of Kieffer "A" Lease paid out in a period of 5 years 5 months.

from the sale by a partnership, of which he was a member, of oil payments carved out of leasehold estates owned and operated by it was long term capital gain under Sec. 117, 26 U.S.C.A. § 117, rather than ordinary income subject to depletion.

Here the commissioner advances the same contentions and arguments which, at greater length, he advanced in Commissioner v. P. G. Lake, Inc., 5 Cir., 241 F.2d 71 and Fleming v. Commissioner, 5 Cir., 241 F.2d 78 this day decided, while the respondents here oppose to them substantially the same contentions and arguments advanced by the respondents in those cases.

Referring to, without restating the considerations upon, and the reasons for, which, rejecting the commissioner's, and sustaining the taxpayer's, contentions, we conclude that those cases had been correctly decided below, it is sufficient for us to hold that, upon those same considerations and for the same reasons, we conclude that this case was correctly decided and that the decision and order appealed from should be

Affirmed.